UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Case No. 6:18-bk-1439-CCJ |
| | ) | |
| EXPERT CAR CARE 3, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND REQUEST FOR EXPEDITED HEARING**

The Debtor, EXPERT CAR CARE 3, LLC (hereinafter "Debtor" or "ECC3"), by and through its undersigned counsel, hereby files its Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363, and in support thereof, respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested in this Motion is 11 U.S.C. §§ 105 and 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On March 16, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor is operating its business and managing its affairs as a debtor in possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

1

4. The Debtor is a Florida limited liability, formed on September 12, 2002, that is engaged in the business of automotive repair and maintenance. The Debtor also is engaged in the retail sale of automobile parts, such as tires and batteries.

5. The Debtor owns the real property where its business is conducted, which is located at 2123 Saxon Boulevard, Deltona, Florida 32725 (the "Real Property"). The Debtor owns most of the equipment and inventory.

6. Regions Bank holds a first mortgage lien on the Real Property in the alleged amount of $938,214.14[1] via a Mortgage and Security Agreement ("MSA") dated July 29, 2009 and recorded on July 31, 2009, Instrument No. 2009-140345, in the Public Records of Volusia County, Florida. The MSA also grants a security interest in, among other things, the revenues and profits of the Debtor.

7. The lien of Regions Bank is superior to any other security interest in the Real Property.

**RELIEF REQUESTED**

8. By this Motion, the Debtor seeks the entry of an Order authorizing the use of cash collateral pursuant to 11 U.S.C. § 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure; setting an expedited hearing on this Motion; and granting any such further relief that this Court deems just and proper.

---

[1] The Debtor disputes the alleged amount of $938,214.14, to the extent that it includes default interest in the amount of $154,469.77, despite the fact that prior to the initiation of the foreclosure action, the Debtor had not defaulted on the loan.

9. As set forth in the budget, incorporated herein and attached hereto as Exhibit "A" (the "Budget"), the Debtor requires the use of cash collateral to fund all necessary operating expenses of the Debtor's business.

10. The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to fund the expenses set forth in the Budget. Absent such authorization, the Debtor will not be able to maintain and protect the business assets and operations.

11. The Debtor acknowledges that Regions Bank has a lien on the cash collateral in accordance with 11 U.S.C. §§ 361 and 363. In connection therewith, the Debtor seeks the use of cash collateral in the ordinary course of business.

## CASH COLLATERAL AND THE RELIEF SOUGHT BY THE DEBTOR

12. The Debtor's use of property of the estate is governed by section 363 of the Bankruptcy Code, which provides that:

> If the business of the debtor is authorized to be operated under section … 1108 … of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). A debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with Section 363 of the Bankruptcy Code. See 11 U.S.C. § 1107(a).

13. When a Chapter 11 debtor-in-possession is authorized to operate its business, it may use property of the estate in the ordinary course of business, but is prohibited from using cash collateral absent consent of the secured creditor or court authorization. *In re Kahn*, 86 B.R. 506 (Bankr. W.D. Mich. 1988); *In re Westport-Sandpiper Associates Ltd. P'Ship*, 116

B.R. 355 (Bankr. D. Conn. 1990)(debtor may not use cash collateral unless entity that has interest in it consents or debtor proves that interest of the entity is adequately protected).

14.     "Cash collateral" is defined by the Bankruptcy Code as, "cash, negotiable instruments, documents of title securities, deposit accounts or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . ." 11 U.S.C. § 363(a).  Any cash collateral generated by the Debtor <u>may</u> constitute the cash collateral of the alleged secured creditors.

15.     Further, the Debtor proposes to use the cash collateral in accordance with the terms of the Budget.  The Debtor also requests that it be authorized: (i) to exceed any line item on the budget by an amount up to ten (10) percent of each such line item; or (ii) to exceed any line item by more than ten (10) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10) percent in the aggregate of the aggregate total budget.

## APPLICABLE AUTHORITY FOR RELIEF REQUESTED

**A.    The Court Should Enter an Order Authorizing the Use of Cash Collateral Because the Debtor is Providing the Secured Creditors with Adequate Protection.**

16.     The Bankruptcy Code does not define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditors' interest in such property.  See 11 U.S.C. § 361.

17.     Adequate protection is to be determined on a case-by-case factual analysis.  *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985).  For example, in *O'Connor*, the court held that "[i]n

4

order to encourage the debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." *O'Connor*, 808 F.2d at 1936 (citations omitted). *See also In re Quality Interiors, Inc.*, 127 B.R. 391 (Bankr. N.D. Ohio 1991) (holding that the granting of a replacement lien provided adequate protection).

18. Adequate protection is meant to ensure that the secured creditors receive the value for which it originally bargained pre-bankruptcy. *Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994) citing *In re O'Connor*, 808 F.2d 1393, 1396-1397 (10th Cir. 1987). Courts have noted that the essence of adequate protection is the assurance of the maintenance and continued responsibility of the lien value during the interim between the filing and the confirmation. *In re Arrienes*, 25 B.R. 79, 81 (Bankr. D. Or. 1982). The purpose of the adequate protection requirement is to protect secured creditors from diminution of value during the use period. *See In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *In re Becker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Ledgmere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

19. In the instant case, adequate protection provided to Regions Bank includes a lien on the Real Property, on the Debtor's receivables and the Debtor's projected positive cash flow. Additionally, the Debtor proposes to make monthly payments of post-petition interest to Regions Bank so as to protect Regions against diminution of its interest in the collateral. *See In re SunCruz Casinos, LLC*, 298 B.R. 833 (Bankr. S.D. Fla. 2003).

20. Section 361(2) of the Bankruptcy Code expressly provides that the granting of a replacement lien constitutes a means of providing adequate protection. In the instant case, granting Regions Bank a replacement lien on the Real Property and post-petition collateral to

order to encourage the debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." *O'Connor*, 808 F.2d at 1936 (citations omitted). *See also In re Quality Interiors, Inc.*, 127 B.R. 391 (Bankr. N.D. Ohio 1991) (holding that the granting of a replacement lien provided adequate protection).

18. Adequate protection is meant to ensure that the secured creditors receive the value for which it originally bargained pre-bankruptcy. *Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994) citing *In re O'Connor*, 808 F.2d 1393, 1396-1397 (10th Cir. 1987). Courts have noted that the essence of adequate protection is the assurance of the maintenance and continued responsibility of the lien value during the interim between the filing and the confirmation. *In re Arrienes*, 25 B.R. 79, 81 (Bankr. D. Or. 1982). The purpose of the adequate protection requirement is to protect secured creditors from diminution of value during the use period. *See In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *In re Becker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Ledgmere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

19. In the instant case, adequate protection provided to Regions Bank includes a lien on the Real Property, on the Debtor's receivables and the Debtor's projected positive cash flow. Additionally, the Debtor proposes to make monthly payments of post-petition interest to Regions Bank so as to protect Regions against diminution of its interest in the collateral. *See In re SunCruz Casinos, LLC*, 298 B.R. 833 (Bankr. S.D. Fla. 2003).

20. Section 361(2) of the Bankruptcy Code expressly provides that the granting of a replacement lien constitutes a means of providing adequate protection. In the instant case, granting Regions Bank a replacement lien on the Real Property and post-petition collateral to

the extent that its prepetition collateral is diminished by the Debtor's use of cash collateral, as well as monthly interest payments, provides Regions Bank with adequate protection. *See e.g., O'Connor*, 808 F.2d 1393; *In re Coody*, 59 B.R. 164, 167 (Bankr. M.D. Ga. 1986); *In re Dixie-Shamrock Oil & Gas, Inc.*, 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

**B.    The Use of Cash Collateral Will Preserve the Debtor's Going Concern Value and Will Inure to the Benefit of the Secured Creditors.**

21.    The continued operation of the Debtor's business is the only manner in which it can successfully reorganize. The Debtor is a business that provides both services and goods. Goods are purchased weekly, and sometimes daily. The Debtor requires use of the constant cash flow in order to fund its operations. If the Debtor is not allowed to use cash collateral, it will be unable to operate and will certainly result in harm to the Debtor.

22.    The Debtor will use the cash collateral during the interim cash collateral period to purchase merchandise, pay utilities, pay employee wages, pay for leased equipment, pay sales tax, pay payroll taxes, as well as the normal expenses of day-to-day operation.

23.    It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern.

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use cash collateral in its effort to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984).

24.    Accordingly, courts authorize the use of cash collateral to enhance or preserve the debtor's going concern value. For example, in *In re Stein*, 19 B.R. 458 (Bankr. E.D. Pa. 1982), the Court allowed a debtor to use cash collateral where the secured party was

undersecured, finding that the use of cash collateral was necessary to the debtors' continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's business. *Id.* at 460; *see also In re Dynaco Corp*, 162 B.R. 389, 395-396 (Bankr. D. N.H. 1983) (finding that the alternative to the debtor's use of cash collateral, termination of its business, would doom reorganization and any chance to maximize value for all creditors); *In re Karl A. Neise, Inc.*, 156 B.R. 600, 602 (Bankr. S.D. Fla. 1981) (marginally secured creditor adequately protected by lien on post-petition property acquired by debtor, debtors can use cash collateral in the normal operation of their business).

25. If the Debtor cannot use cash collateral, it will be forced to cease operations. By contrast, granting authority will allow the Debtor to maintain operations and preserve the going concern value of its business which will inure to the benefit of any secured creditors and all other creditors.

26. The Debtor believes that use of cash collateral pursuant to the terms and conditions set forth above is fair and reasonable and adequately protects the secured creditors in this case. The combination of: (i) the Debtor's ability to preserve the going concern value of the business with the use of cash collateral; and (ii) providing the secured creditors with the other protections set forth herein, adequately protects its alleged secured position under Sections 361(2) and 361(3) of the Bankruptcy Code.

27. The Debtor believes that the approval of this Motion is in the best interest of the Debtor, its creditors and its estate because it will enable the Debtor to (i) continue the orderly operation of its business and avoid an immediate total shutdown of operations; (ii) meet its obligations for necessary ordinary course expenditures, and other operating expenses; and (iii)

make payments authorized under other orders entered by this Court, thereby avoiding immediate and irreparable harm to the Debtor's estate.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (a) authorizing the Debtor's use of cash collateral in accordance with the attached Budget and provide related adequate protection; (b) granting the replacement liens set forth above in connection with the use thereof; and (c) granting such other and further relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF and/or U.S. Mail, first class and postage prepaid, to Expert Car Care 3, LLC, c/o James Sada, 2123 Saxon Boulevard, Deltona, Florida 32725; all Parties-In-Interest on the attached Mailing Matrix; and the United States Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, this 21st day of March, 2018.

>    */s/ Aldo G. Bartolone, Jr.*
> ALDO G. BARTOLONE, JR.
> Florida Bar No. 173134
> BARTOLONE LAW, PLLC
> 4767 New Broad Street
> Orlando, Florida 32814
> Telephone: (407) 294-4440
> Facsimile: (407) 287-5544
> aldo@bartolonelaw.com
> *Attorneys for Debtor*

**MONTHLY OPERATING BUDGET**
**FOR**
**EXPERT CAR CARE 3, LLC**
**(Case No. 6:18-bk-1439-CCJ)**

**I.     AVERAGE MONTHLY INCOME:**         $58,612.85

**II.    AVERAGE MONTHLY EXPENSES:**       $58,374.20

| | |
|---|---|
| Regions Bank (Adequate Protection): | $4,691.07 |
| Parts Purchases: | $27,709.24 |
| Subcontracted Services: | $4,350.78 |
| Advertising and Promotion: | $1,462.46 |
| Automobile Expense: | $216.67 |
| Bank Services Charge: | $12.51 |
| Business Licenses & Permits: | $51.84 |
| Computer & Internet Expenses: | $266.12 |
| Insurance (Property & Liability): | $78.46 |
| Janitorial Service: | $23.34 |
| Merchant Account Fees: | $673.49 |
| Office Supplies & Expenses: | $358.36 |
| Payroll Expenses: | $356.72 |
| Payroll Taxes: | $973.02 |
| Accounting Fees: | $212.50 |
| Property Taxes: | $1,107.97 |
| Repairs & Maintenance: | $218.33 |
| Telephone Expense: | $414.58 |
| Salaries & Wages: | $12,252.80 |
| Uniforms: | $132.31 |
| Utilities: | $475.90 |
| Compensation of Officers: | $2,000.00 |

**III.   NET MONTHLY INCOME:**             $574.38

```
Label Matrix for local noticing       Expert Car Care 3, L.L.C.            Affordable Automotive
113A-6                                1009 Hill St.                        428 Barry Avenue
Case 6:18-bk-01439-CCJ                New Smyrna Beach, FL 32169-2801      Orlando, FL 32808-8108
Middle District of Florida
Orlando
Wed Mar 21 10:14:08 EDT 2018

Duke Energy                           Expert Car Car 4, LLC                Expert Car Care 4, LLC
P.O. Box 1004                         2650 S. Orlando Drive                2650 S. Orlando Drive
Charlotte, NC 28201-1004              Sanford, FL 32773-5336               New Smyrna Beach, FL 32169


Finch Law Firm                        Fisher Broyles LLP                   Florida Department of Revenue
P.O. Box 915096                       2390 Tamiami Trail North             Bankruptcy Unit
Longwood, FL 32791-5096               Suite 100                            Post Office Box 6668
                                      Naples, FL 34103-4483                Tallahassee FL 32314-6668


Florida Dept of Revenue               Great America Financial              Great America Financial Co
P.O. Box 5139                         625 1st Street SE                    P.O. Box 660831
Tallahassee, FL 32314-5139            Suite 800                            Dallas, TX 75266-0831
                                      Cedar Rapids, IA 52401-2031


Internal Revenue Service              James Sada                           James Sada, Jr.
Post Office Box 7346                  1009 Hill Street                     1009 Hill Street
Philadelphia PA 19101-7346            New Smyrna Beach, FL 32169-2801      New Smyrna Beach, FL 32169-2801


Michael Rainyn                        Patrick Kelly                        Regions Bank
1153 8th Street                       578 Cloudcroft Drive                 1900 Fifth Avenue North
Orange City, FL 32763-3601            Deltona, FL 32738-9277               Birmingham, AL 35203-2670


Sasso & Sasso P.A.                    Steve Alicea                         Thomas Fowler
1525 International Parkway            105 Wheatfield Circle                1506 E. Winsconsin Avenue
Suite 4021                            Sanford, FL 32771-6801               Orange City, FL 32763-4344
Lake Mary, FL 32746-7646


United States Trustee - ORL           Victor H. Womack, Esquire            Volusia County Tax Collector
Office of the United States Trustee   7700 North Kendall Drive             123 West Indiana Avenue
George C Young Federal Building       Suite 708                            Room 103
400 West Washington Street, Suite 1100 Miami, FL 33156-7591                Deland FL 32720-4615
Orlando, FL 32801-2210


Aldo G Bartolone Jr
Bartolone Legal Group, PA
4767 New Broad Street
Orlando, FL 32814-6405
```

                The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Gas Station (need name & add

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25